

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOSEPH ZANGRILLI**
Phone: (212) 356-2657
Fax: (212) 356-3509
jzangril@law.nyc.gov
*Senior Counsel*

March 13, 2025

**BY ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Murray v. City of New York, et al.,
       24-CV-4918 (JLR)(OTW)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and attorney for defendant City of New York in the above-referenced matter. At the outset, the undersigned sincerely apologizes for failing to comply with Your Honor's Individual Rule I.e, which requires extension requests to be made 48 hours in advance. This Office deferred filing this request by one day in order to obtain Plaintiff's position, which we hoped to obtain during a legal call scheduled for earlier today. Unfortunately, Plaintiff refused to appear for the scheduled call. Defendant writes to respectfully request an extension of time from March 14, 2025 to April 7, 2025, to complete its response to the Court's <u>Valentin</u> Order with respect to the remaining unidentified defendants. This is the City's third request for an extension to respond to the <u>Valentin</u> Order.

  By way of background, Plaintiff has asserted several civil rights claims, including a claim that he was denied food from April 28 to April 30, 2023, while incarcerated in West Facility on Rikers Island. The Court's <u>Valentin</u> Order (ECF No. 7) required the City to identify John Doe defendants who were City employees. On September 23, 2024, the City partially responded, identifying all John Doe defendants except those involved in Plaintiff's meal service claim (ECF No. 13). The City was granted an extension of time to complete this identification (ECF No. 14), followed by a stay pending resolution of Defendant's motion to revoke Plaintiff's *In Forma Pauperis* ("IFP") status (ECF No. 16). After Plaintiff paid his filing fee, electing to proceed without IFP status, the stay was lifted, and at the January 22, 2025 initial conference, the Court Ordered a full <u>Valentin</u> response by February 10, 2025 (ECF No. 35). The City then requested and was granted a further extension to March 14, 2025 (ECF Nos. 38, 39).

Despite diligent efforts, the City respectfully requests additional time to complete its investigation for the following reasons:

First, the City's investigation has revealed that the floor officers, rather than the meal service officers, are likely the proper targets of Plaintiff's claim. West Facility, which is a communicable disease unit, utilizes a specialized food delivery system that we have now investigated more thoroughly. The food delivery system involves a two-stage food slot with separate exterior and interior flaps. Additionally, the cells in West Facility are divided into two portions: an inner cell and a small vestibule, separated by an inner door that can only be operated by the floor officer from outside the cell. The vestibule connects to the hallway via an outer door containing the food slot.

With regard to the Department of Correction ("DOC") officers, the food service process normally operates as follows: a floor officer and meal service officer open the outer flap of the food slot while the inner flap remains open, place food inside, and close the outer flap. The inmate can then access the inner flap to retrieve the meal. However, when a food slot is jammed (often deliberately by incarcerated individuals placing objects in the slot), a different procedure must be followed. In such cases, when the inmate is secured in the inner cell with the inner door closed, floor officers open the outer door to the vestibule and escort meal service personnel inside, where they place food on a counter. After staff exits and secures the outer door, floor officers then open the inner door, allowing the inmate access to the vestibule and the food.

Plaintiff's complaint specifically alleges: "For two days from April 28, 2023 through April 30, 2023 there are two doors in the cell. My door closed they would place food on the counter and would not open my door to get it." (ECF No. 1, at PDF p. 6). Since this office now understands "my door" to mean the inner cell door, which is exclusively within the control of the floor officer on duty, we believe we are closer to identifying the proper targets of Plaintiff's lawsuit. This indicates that the floor officers, who exclusively control the inner door, are the proper defendants, rather than the meal service officers we initially investigated.

Second, due to DOC requiring up to a two-week lead time to arrange for correctional officer interviews, we have not yet been able to speak with the relevant floor officers who were responsible for Plaintiff's housing area during the specified period. We have identified several officers from work schedules but need to interview them to determine who was actually present during the specific meal times in question, as actual working hours sometimes deviate from scheduled assignments. Third, we are awaiting housing logs that should contain meal service times and other critical information needed to identify the specific officers on duty during the relevant meal periods.

Finally, even with the above information, we may require additional clarification from Plaintiff to identify the specific individuals he claims refused to open the inner door. The current allegations are general, and precise identification may necessitate follow-up inquiries to ensure we name only those officers who were actually involved. We had hoped to discuss this with Plaintiff during today's call but his refusal to appear prevented that from occurring.

      The requested extension would serve judicial economy by ensuring we name only those officers who were actually involved in the alleged deprivation, rather than speculatively naming officers who may later be determined to have had no involvement. The City believes this targeted approach will streamline future proceedings by avoiding unnecessary parties.

      For these reasons, Defendant respectfully requests an extension of time until April 7, 2025 to complete its <u>Valentin</u> response.

      Respectfully Submitted,

*Joseph Zangrilli /s/*

Joseph Zangrilli
Attorney for Defendant City
*Senior Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2657
jzangril@law.nyc.gov

Cc:   **VIA FIRST CLASS MAIL**
      Robert Lee Murray
      B&C: 9902300038
      George R. Vierno Center
      09-09 Hazen Street
      East Elmhurst, NY 11370