**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

ROBERT LEE MURRAY,

                Plaintiff,

         -against-

CITY OF NEW YORK, et al.,

                Defendants.

---------------------------------------------------------------x

24-CV-4918 (JLR) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

On May 23, 2025, Defendants filed a Motion to Dismiss (ECF 51) that was served on Plaintiff the same day (ECF 53). Plaintiff has not yet filed an opposition to the Motion to Dismiss and Plaintiff's time to file an opposition was extended to November 26, 2025. (ECF 66). Cynthia Turnipseed wrote in on behalf of the Plaintiff on November 13, 2025, seeking an extension to the deadline to file an opposition. (ECF 68). Plaintiff's request is **GRANTED** and his opposition is now due **December 5, 2025**. There will be no further extensions.

If Plaintiff fails to file his opposition to the Motion to Dismiss, the Court may consider the motion unopposed. If Plaintiff does not file his opposition papers by **December 5, 2025,** I will treat the motion as unopposed and fully submitted, meaning that no additional briefs may be filed in connection with the motion. Plaintiff has been given a reasonable opportunity to respond to Defendants' motion to dismiss. Treating the motion as unopposed does not mean that I will necessarily recommend that the motion to dismiss should be granted, although I may do so. In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of

course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 231, 323–24 (2d Cir. 2000) (internal citation omitted). In assessing the legal sufficiency of Plaintiff's pro se complaint, I will bear in mind that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Accordingly, I will "liberally construe [the complaint] . . . , reading such submission[ ] to raise the strongest arguments [it] suggest[s]." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir.2007).

If Plaintiff does file a response to Defendants' motion to dismiss by **December 5, 2025**, Defendants' reply brief, if any, shall be filed by **December 12, 2025**.

Defendants are directed to serve a copy of this Order and file proof of service on the docket by **December 1, 2025.**

**SO ORDERED.**

Dated: November 25, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge