24 Civ. 4918 (JLR) (OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MURRAY,

                                                                Plaintiff,

                        -against-

CITY OF NEW YORK, et al.,

                                                            Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street*
*New York, N.Y.  10007*


*Of Counsel: John McLaughlin*
*Tel:  (212) 356-2670*
*Matter No.:  2024-064071*

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO ALLEGE ANY
### BASIS FOR MUNICIPAL LIABILITY

Defendant City of New York respectfully submits this reply in further support of its motion to dismiss the Complaint pursuant to Rule 12(b)(6). (ECF Nos. 51–52.) Plaintiff's submission does not respond to the arguments raised in Defendant's motion to dismiss and therefore fails to provide any basis to deny the motion. Accordingly, the Court may deem the motion unopposed; in any event, and for the reasons set forth in Defendants' opening memorandum and this reply, the motion should be granted.

Instead of replying to Defendants' legal arguments, Plaintiff asserts that some of his "legal work" and discovery materials have allegedly been lost or stolen. But courts in this Circuit have repeatedly held that, even for incarcerated pro se litigants, such difficulties do not excuse compliance with applicable rules and deadlines or insulate a case from dismissal. *See*, *e.g.*, *Gomez v. Ercole*, 2013 U.S. Dist. LEXIS 146243, at *5 (S.D.N.Y. Oct. 7, 2013) (recognizing "'inherent difficulties of proceeding pro se (and especially while incarcerated),'" but emphasizing that "it is well established in this Circuit that '*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law'" and declining further extensions even where plaintiff alleged lost or stolen legal papers) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)). Moreover, Plaintiff does not explain what specific factual allegations or claims he is unable to present in this case as a result of the alleged loss. His generalized complaint therefore provides no reason to deny Defendant's fully-briefed motion.

The letter does not identify any municipal policy, custom, or practice that allegedly caused his claimed injuries, does not allege the involvement of any City policymaker, and does not address the City's arguments regarding failure to comply with the notice-of-claim requirements for any state-law claims. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) As a result, nothing in Plaintiff's submission cures the pleading defects explained in the City's opening memorandum, including the absence of any factual content supporting Monell liability or compliance with N.Y. Gen. Mun. Law §§ 50-e and 50-i. (*See generally*, Def's. Memorandum, ECF No. 21.)

While the City recognizes that Plaintiff is proceeding pro se, even a pro se litigant must plead "sufficient factual matter" to state a plausible claim for relief; a bare assertion that he "stands by" his complaint is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's suggestion that he lacks discovery likewise does not provide a basis to deny the motion, because a plaintiff must first state a plausible claim before he is entitled to discovery, and may not rely on discovery to supply the missing elements of his pleading. *See id.* at 678–79 (where a complaint fails Rule 8, a plaintiff "is not entitled to discovery[]" to fish for a claim).

Because Plaintiff's submission does not respond to Defendants' arguments, the Court may deem the motion unopposed. In any event, Plaintiff's submission does not cure the pleading defects identified in Defendants' opening memorandum, and the Complaint should be dismissed as against the City of New York, with prejudice.

Dated:  New York, NY
     December 15, 2025

           MURIEL GOODE-TRUFANT
           Corporation Counsel of the City of New York
           *Attorney for Defendant City of New York*
           100 Church Street
           New York, New York 10007
           (212) 356-2670

         By: /s/ *John McLaughlin*
           John McLaughlin
           *Assistant Corporation Counsel*
           Special Federal Litigation

Cc:  **VIA CERTIFIED MAIL**
    Robert Lee Murray
    B&C: 9902500350
    West Facility
    16-06 Hazen St.
    East Elmhurst, NY 11370
    *Plaintiff Pro Se*

    USPS Tracking:  9589 0710 5270 2730 7860 77

**VIA FIRST CLASS MAIL**[1]
Robert Lee Murray
B&C: 9902300038
Manhattan Psychiatric Center
102 River Edge Rd. Ward 3A
Manhattan, NY 10035
*Plaintiff Pro Se*

---

[1] As of December 15, 2025, the New York City Department of Correction's publicly available "Person in Custody" lookup reflects that Plaintiff is in DOC custody housed at West Facility, Rikers Island (B&C No. 9902500350). (*See* P.I.C. LOOKUP, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf.) According to DOC, Plaintiff has been in West Facility since November 18, 2025. Plaintiff's address of record on the docket nevertheless remains: Robert Lee Murray, B&C No. 9902300038, Manhattan Psychiatric Center, 102 River Edge Rd., Ward 3A, Manhattan, NY 10035. As Defendants have noted previously this docketed address was never accurate. (*See* ECF Nos. 67, 70.) Plaintiff has previously been advised of his obligation to keep his address current (*see*, *e.g.*, ECF Nos. 4, 5) and has repeatedly failed to do so. In light of Plaintiff's apparent noncompliance with that obligation, Defendants are serving this reply by certified mail at West Facility and by first-class mail at Plaintiff's address of record, and respectfully request that the Court direct Plaintiff to file a notice of change of address forthwith—or, consistent with the Court's Standing Order in *Pro Se* cases, 24-MC-127, issue an order to show cause why this action should not be dismissed without prejudice for failure to comply with Court orders and for failure to prosecute.