**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
ROBERT LEE MURRAY,

                    Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                  Defendants.
-------------------------------------------------------------x

24-CV-4918 (JLR) (OTW)

**REPORT & RECOMMENDATION**
**TO THE HON. JENNIFER L. ROCHON**

**ONA T. WANG, United States Magistrate Judge:**

On December 18, 2025, I issued an Order to Show Cause ("OSC") why this case should not be dismissed without prejudice for failure to prosecute. (ECF 73). Proof of service of the OSC was filed on the docket on December 26, 2025. (ECF 75). Service was effectuated on two of the last facilities listed as Plaintiff's addresses: Manhattan Psychiatric Center in New York, NY and West Facility in East Elmhurst, NY. *Id.* A letter filed by Plaintiff on January 5, 2026, confirmed that the West Facility in East Elmhurst is Plaintiff's proper address.[1] (ECF 76).

The OSC came following a June 12, 2025, Order, in which I had given Plaintiff 90 days to serve the Department of Corrections personnel identified in response to the Court's *Valentin*

---

[1] The Court is also in receipt of a letter from Plaintiff on March 2, 2026, dated January 23, 2026. (ECF 77). The Court has reviewed this letter and attached exhibits. The letter attaches medical records from a November 16, 2020 hospital visit and video preservation requests from the Legal Aid Society in reference to a number of incidents unrelated to the Complaint in this case that occurred on November 15, 2020; December 3, 2020; November 1, 2022; January 3, 2024; April 27, 2023; December 10, 2023; January 3, 2023; February 5, 2023; June 3, 2023; April 26, 2023; October 24, 2023; April 2, 2024. The April 2023 incidents are the only ones referenced in the Complaint in this case. The November 15, 2020, incident is the subject of the Complaint in a pending action before Judge Lewis J. Liman of this court, in which Plaintiff asserts that he was sexually assaulted at Anna M. Kross Center at Rikers Island. *See Murray v. City of New York*, 21-CV-6718, ECF 59, at 5. In Judge Liman's case, waivers of service were returned executed for the individual corrections officer defendants. *Id.* at ECF Nos. 152, 153.

order. (ECF 14). The June Order as well as responses to the *Valentin* order were served on Plaintiff four days later, and proof of service was filed on the docket. (ECF 57).

The docket reflects that, as today's date, Plaintiff has not served the summons and Complaint on the individual Defendants named in the *Valentin* order. Those addresses were provided on May 23, 2025, and updated on June 12, 2025. (ECF Nos. 54, 55). The Court has extended special solicitude in light of Mr. Murray's *pro se* status, not the least of which by giving him over seven months to serve, but such flexibility does not extend to an indefinite delay of service. *See e.g.*, *Dennis v. K&L Gates LLP*, No. 20-CV-9393 (MKV), 2025 WL 2941612, at *1 (S.D.N.Y. July 9, 2025) ("Although the Court must provide plaintiffs proceeding *pro se* special solicitude[], that consideration does not extend to procedural rules and deadlines.")

Accordingly, I find that cause has not been shown, and I respectfully recommend that this case be **DISMISSED** without prejudice for failure to prosecute.

**OBJECTIONS**

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Jennifer L. Rochon, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Rochon.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v.*

*Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).  The Plaintiff's failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County,* 517 P.3d 601. 604 (2d Cir.2008). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and in *forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

Defendants are directed to serve a copy of this Order on Plaintiff, and file proof of such service on the docket by **March 6, 2026.**

**SO ORDERED.**

                                                          *s/ Ona T. Wang*

Dated: March 4, 2026                                         **Ona T. Wang**
New York, New York                            United States Magistrate Judge