UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEE MURRAY,

                        Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

                        Defendants.

Case No. 1:24-cv-04918 (JLR) (OTW)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

JENNIFER L. ROCHON, United States District Judge:

This matter was referred to Magistrate Judge Wang for general pretrial matters.  *See* Dkt. 36.  In a Report and Recommendation filed on March 4, 2026, Magistrate Judge Wang recommended that this case be dismissed without prejudice for failure to prosecute.  *See* Dkt. 78 ("R&R").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, however "a district court need only satisfy itself that there is no clear error on the face of the record."  *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  This clearly erroneous standard also applies when a party makes only conclusory or general objections.  *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and

warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 2-3.  In addition, the Report and Recommendation expressly called Plaintiff's attention to Rules 6 and 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* at 2.  Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the docket and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned, grounded in fact and law, and free from clear error.  Magistrate Judge Wang's Report and Recommendation follows a December 18, 2025, Order to Show Cause ("OSC") instructing Plaintiff to submit a letter explaining why he has failed to serve the summons and Complaint on the individual Defendants within the 90 days prescribed by Federal Rule of Civil Procedure 4(m).  Dkt. 73.  The individual Defendants' addresses were provided on May 23, 2025, and updated on June 9, 2025, pursuant to this Court's *Valentin* order.  *See* Dkts. 7, 14, 54, 55.  Indeed, as Magistrate Judge Wang observed in her Report and Recommendation, "[t]he Court has extended special solicitude in light of Mr. Murray's *pro se* status, not the least of which by giving him over seven months to serve, but such flexibility does not extend to an indefinite delay of service."  R&R at 2.  The docket reflects that, to date, Plaintiff has not served the individual Defendants; nor has he provided an explanation for his failure to serve.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

**The Court hereby ORDERS that this case be dismissed without prejudice as to the individual Defendants for failure to prosecute.**  Pursuant to 28 U.S.C. § 1915(a)(3), the Court

certifies that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Given that the Court has already dismissed the case against the Defendant City of New York, Dkt. 74, Plaintiff's claims against all Defendants have now been dismissed.  The Clerk of Court is therefore directed to CLOSE the case and to mail a copy of this Order to Plaintiff at his updated address, *see* Dkt. 80.

Dated:  April 2, 2026
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge